IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Wayne Vinson,                                    )
                                                 )
                          Plaintiff,             )        C/A No. 0:10-79-RMG
                                                 )
v.                                               )        **ORDER**
                                                 )
United States Marshals Service; David            )
Craneford; and Deontye Joyner,                   )
                                                 )
                          Defendants.            )
_____          )

    This matter is before the court in Plaintiff's *pro se* civil action pursuant to the Federal

Tort Claims Act, 28 U.S.C. § § 2671, *et. seq.*, and *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)[1].  In accordance with 28 U.S.C. § 636(b)

and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to United States Magistrate

Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation.  On July 29,

2011, the Magistrate Judge issued a Report recommending that Defendants' motion to dismiss,

or in the alternative, for summary judgment be granted.  (Dkt. No. 113).  The Magistrate Judge

advised Petitioner of the procedures and requirements for filing objections to the Report and

Recommendation and the serious consequences if they failed to do so.  Plaintiff filed Objections

---

[1] 42 U.S.C. § 1983 provides a private civil cause of action based on allegations of federal
constitutional violations by any person acting under color of state law.  The Supreme Court
established an analogous cause of action under the United States Constitution against federal
officials who violate federal constitutional rights. *Bivens v. Six Unknown Named Agents of*
*Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

to the Report. (Dkt. No. 121). As explained herein, this Court has conducted a *de novo* review of the record and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

## Background

Plaintiff alleges that he was injured as a result of Defendants' negligent driving and failure to secure him in a seat belt when he was being transported. Plaintiff further alleges that his medical treatment at Alvin S. Glenn Detention Center and later facilities was inadequate and that Defendants should have taken him to the hospital. Plaintiff claims that he is entitled to damages under the Federal Tort Claims Act. Plaintiff also alleges an Eighth Amendment claim, alleging that Defendants acted with deliberate indifference. He seeks monetary damages in the amount of $2,500,000, or a commuted sentence to time served and $500,000. (Dkt. No. 11 and No. 15).

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

2

After reviewing the record of this matter *de novo* the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the Court agrees with the conclusions of the Magistrate Judge and Defendants' motion to dismiss, or in the alternative for summary judgment, is granted and this case is dismissed.

### Federal Tort Claims Act Claims

Plaintiff brings his first cause of action under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § § 2671-2680. Plaintiff alleges that he was injured due to the negligence of Defendants in failing to secure his seat belt when he was being transported. (Dkt. No. 15 at 7). Defendants assert that the Court lacks subject matter jurisdiction over the FTCA claim pursuant to the discretionary function exemption. As the only proper defendant in an FTCA action is the United States, the USMS, David Cranford[2] (hereafter "Cranford") and Deontye Joyner (hereafter "Joyner") are entitled to dismissal of Plaintiff's FTCA claims. 28 U.S.C. § § 1346(b)(1), 2679(b)(1). Even assuming that the United States is substituted as the defendant for the FTCA claims, as noted by the Magistrate Judge, dismissal of these claims is proper for the reasons discussed herein.

The FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This waiver of immunity, however, is subject to exceptions.

---

[2] As the Magistrate Judge acknowledged, the correct spelling of Defendant David Craneford's last name appears to be "Cranford" from filings with the court.

*See* 28 U.S.C. § 2680 (providing exceptions to the provisions of the Tort Claims Procedure statutes and to § 1346 (b)'s waiver of sovereign immunity). The most important of these is the "discretionary function exception." *See McMellon v. United States*, 387 F.3d 329, 335 (4th Cir. 2004)(*en banc*) (describing § 2680(a)'s exception as "the most important"). The discretionary function exception preserves sovereign immunity even if the Government was negligent, *see Blakey v. U.S.S. Iowa*, 991 F.2d 148, 152 (4th Cir. 1993), and even if the government employee abused his or her discretion. 28 U.S.C. § 2680(a). Further, if the discretionary function exception applies, then the claim is outside the limited waiver of immunity created by the FTCA, and this Court is without subject matter jurisdiction to adjudicate it. *See Medina v. United States*, 259 F.3d 220, 223-24 (4th Cir. 2001) (finding statutory exceptions to the FTCA's waiver of immunity to be jurisdictional).

The Supreme Court has articulated a two-part test in determining whether the discretionary function exception applies. *See United States v. Gaubert*, 499 U.S. 315, 322 (1991); *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988). First, "the exception covers only acts that are discretionary in nature, acts that 'involv[e] a judgment of choice.'" *Gaubert*, 499 U.S. at 322; *Berkovitz*, 486 U.S. at 536. If the action is not a matter of choice by the government employee, the discretionary function exception does not apply. *Berkovitz*, 486 U.S. at 536. The exception is not applicable "when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* Then, if the conduct does involve discretionary judgment, the court must decide "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" *Gaubert*, 499 U.S. at 322-23 (quoting *Berkovitz*, 486 U.S. at 536). "Because the purpose of the exception is to prevent judicial second-

4

guessing of the legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 323 (internal citations and quotation marks omitted).

Furthermore, for the exception to apply, the employee need not have actually conducted a policy analysis in conjunction with the challenged inaction or action. *See Gaubert*, 499 U.S. at 325 ("The focus on the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."). When the employee is acting pursuant to a discretionary statute, regulation, or guideline, there is a strong presumption that the employee's conduct is grounded in policies underlying that provision. *Gaubert*, 499 U.S. at 324; *see also Bernaldes v. United States*, 81 F.3d 428, 429 (4th Cir. 1996).

Taking the evidence in a light most favorable to the Plaintiff, the Court finds that the Plaintiff has not shown that his claims fall within the FTCA's limited waiver of sovereign immunity and outside the discretionary function exception. No evidence has been presented that the Defendants violated an applicable federal statute, regulation, or policy regarding the use of seatbelts in transporting a prisoner. There is no policy requiring deputy marshals transporting prisoners to seatbelt a prisoner in the back of a passenger van, and as indicated by the Magistrate Judge, the USMS in the District of South Carolina has decided not to require the use of seatbelts during prisoner transport. (Dkt. No. 113 at 8).

Further, Plaintiff's reliance on the South Carolina seatbelt statute is unavailing as that state statute does not indicate that the deputies' actions were not discretionary. *See* S.C. Code

5

Ann. §§ 56-5-6510 *et seq*. In fact, the statute provides that a violation of the safety belt provision "is not negligence per se or contributory negligence, and is not admissible as evidence in a civil action." S.C. Code Ann. § 56-5-6540(C). Moreover, even if the deputies' alleged failure to secure the Plaintiff with a seatbelt would be considered actionable under state tort law, the discretionary function exception would nonetheless apply with regard to the sovereign immunity analysis. *See Medina v. United States*, 259 F.3d 220, 226 (4th Cir. 2001).

Accordingly, Plaintiff has failed to present evidence that the Defendants' actions violated any applicable, non-discretionary provision. Furthermore, the USMS's actions regarding the use of seatbelts when transporting prisoners are susceptible to policy analysis. *See Gaubert*, 499 U.S. at 322-23. Thus, the Defendants' actions at issue fall within the discretionary function exception to the FTCA's waiver of immunity. Based on the foregoing, this Court concludes that even if the Defendants were negligent or abused their discretion, the United States is immune from suit on these claims pursuant to federal law. 28 U.S.C. § 2680(a).

Plaintiff also claims that he is entitled to recovery under the FTCA based on the negligence of the medical staff in treating him at Alvin S. Glenn Detention Center and subsequent facilities. The United States cannot be liable for the tortious actions of independent contractors. *See* 28 U.S.C. § 2671 (stating that the term "federal agency" does not include any contractor with the United States); *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995) ("By its express terms, the FTCA does not provide for liability of the United States for the acts or omissions of independent contractors.") (citing § 2671).

Plaintiff also claims under the FTCA that Cranford negligently operated the passenger van that transported Plaintiff. Yet, Plaintiff cannot show that Defendants had a duty to seatbelt

6

him, nor on the record presented, could any reasonable jury find Plaintiff's injuries were proximately caused by any other alleged breach of duty by Cranford. *See Fowler v. Hunter*, 697 S.E.2d 531, 534 (S.C. 2010) (stating for a plaintiff to prevail on a negligence claim in South Carolina, he must demonstrate "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of duty.").

### Eighth Amendment Claims

Plaintiff also alleges that he is asserting a *Bivens* claim, and appears to allege that Defendants violated his Eighth Amendment right by acting with deliberate indifference in transporting him to the detention center for medical care instead of a hospital. Plaintiff further appears to allege that his Eighth Amendment right was violated by Defendants when they failed to restrain Plaintiff with a seatbelt and by Cranford's operation of the passenger van.

First, it should be noted that a *Bivens* claim may not be brought against agencies or departments of the United States because the United States has not consented to suit under the *Bivens* doctrine. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend a *Bivens* remedy to federal agencies); *see also Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (noting "a *Bivens* action does not lie against either agencies or officials in their official capacity"). Accordingly, dismissal of the *Bivens* claims against Defendant USMS, Cranford and Joyner in their official capacities is proper. The claims that remain are against Cranford and Joyner (hereafter "Individual Defendants") in their individual capacities.

To assert a cognizable claim under the Eighth Amendment, an inmate must show: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized

7

measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was of "deliberate indifference" to the inmate's health and safety. *Id.* A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Id.* at 847; *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff alleges that his Eighth Amendment rights were violated because the Individual Defendants' actions embodied deliberate indifference towards his medical needs. However, "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. In other words, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the eighth amendment." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990) (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102-103; *Farmer*, 511 U.S. 824 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Further, while the Constitution requires a prison to provide medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's disagreement as to the appropriate treatment fails to rise to the

8

level of a constitutional violation and fails to create a genuine issue of material fact. *See Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).

Here, Plaintiff's sole allegation against the Individual Defendants concerning his medical claim is that he was transported to the detention center to receive medical care instead of a hospital. Plaintiff alleges that the Individual Defendants were negligent, which is not sufficient to support the allegation of deliberate indifference on the part of the Individual Defendants. *See Estelle*, 429 U.S. at 106. Further, while the basis of Plaintiff's medical claim appears to challenge the treatment he received at the detention center and at later facilities, none of the medical providers are defendants in this matter. The evidence provided by Plaintiff does not support a claim that the Individual Defendants were deliberately and intentionally indifferent towards Plaintiff's medical needs. Accordingly, the Individual Defendants are entitled to summary judgment on this claim.

Plaintiff repeatedly alleges that the Individual Defendants were negligent towards his safety by failing to restrain him with a seatbelt and that Cranford negligently operated the passenger van; however, such claims fail as a matter of law. Negligence is insufficient to state a claim under the Eighth Amendment. *See Farmer*, 511 U.S. at 834 (stating to satisfy prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986). Plaintiff asks the court to rely on *Brown v. Missouri Department of Corrections*, 353 F.3d 1038 (8th Cir. 2004)(*per curiam*); however, as the Magistrate Judge clearly illustrates, the facts in this case are distinguishable. Accordingly, this Court agrees with the Magistrate Judge that the Individual

9

Defendants are entitled to summary judgment on the issue of negligently operating the passenger van.

Furthermore, case law indicates that the failure to restrain a prisoner with a seatbelt alone does not rise to the level of a constitutional violation. *See, e.g., Dexter v. Ford Motor Co.*, 92 Fed. Appx. 637, 642 (10th Cir. 2004) ("We have identified no federal case holding that failure to seatbelt an inmate, standing alone, violates the Eighth Amendment."). This has been extended to cases where the failure to seatbelt the prisoners is combined with speeding or reckless driving. *See Young v. Michigan Dept. of Corrs.*, No. 04-10309, 2007 WL 2214520 (E.D. Mich. July 27, 2007) ("Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an 'excessive risk to inmate health or safety.'") (quoting *Farmer*, 511 U.S. at 837); *Jones v. Collins*, Civil No. 05-663-JPG, 2006 WL 1528882, at *2 (S.D. Ill. June 1, 2006) (stating that allegation of "reckless driving or the failure to fasten seatbelt . . . present, at best, claims of negligence, but a defendant can never be held liable under § 1983 for negligence").

This Court finds that Plaintiff has failed to provide sufficient evidence to create a genuine issue of material fact as to whether there was a substantial risk of harm to Plaintiff and that the Individual Defendants knew of and disregarded that risk. Accordingly, the Individual Defendants are entitled to summary judgment on this claim.

Even if Plaintiff's allegations established that the Individual Defendants violated Plaintiff's constitutional rights, the Individual Defendants are still entitled to qualified immunity because the law was not clearly established at the time of the accident. In resolving a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and

(2) determine whether the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009). "If the right was not clearly established in the specific context of the case - that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted - then the law affords immunity from the suit." *Parrish*, 372 F.3d at 301-302 (4th Cir. 2004). "In determining whether a right was clearly established at the time of the claimed violation, 'courts in this circuit [ordinarily] need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose.'" *See Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999) (quoting *Jean v. Collins*, 155 F.3d 701, 709 (4th Cir. 1998) (*en banc*)). It appears at the time of the accident in this case, there was no case law from either the United States Supreme Court, the United States Court of Appeals for the Fourth Circuit, or any court in South Carolina, either published or unpublished, establishing that the Individual Defendants' actions would violate a constitutional right. With the allegations presented here, this Court cannot conclude that a reasonable officer would have known that his actions and behavior were unlawful. For this reason and because Plaintiff's rights were not violated through the Individual Defendants' actions, the Individual Defendants are entitled to qualified immunity on Plaintiff's Eighth Amendment claims.

## Conclusion

Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this Order. (Dkt. No. 113). Therefore, Defendants' motion to dismiss, or in the alternative, for summary judgment (Dkt. No. 52) is **GRANTED** and this case is dismissed.

11

Further, Plaintiff's motions involving discovery and to stay the case (Dkt. Nos. 69, 95, 100 & 101) are **FOUND MOOT**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

September ___, 2011
Charleston, South Carolina